STATE of Missouri,
Plaintiff–Respondent,

v.

Roosevelt SIMPSON,
Defendant–Appellant.

Roosevelt SIMPSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55053, 57278.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1990.

---

Dave Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a consolidated direct appeal and appeal from the denial of defendant's Rule 29.15 motion claiming ineffective assistance of counsel after defendant's conviction for attempted robbery first degree, assault in the first degree, and armed criminal action. Defendant was sentenced to consecutive sentences totaling sixty-five years imprisonment. We reverse and remand for new trial.

On the evening of October 8, 1987, Ronald Pendleton and the victim Steven Gibson, planned to watch videos and drink beer. At approximately 7:00 p.m. they both drove to a liquor store at 5700 Mimika. Pendleton drove his girlfriend's car and, upon arriving at the convenience store, parked near a street light. It was approaching night and the store was lighted by two large lamps. The two men entered the store and purchased beer. As they left the store, Pendleton walked towards the driver's side of the car while Gibson entered the passenger side. Before Gibson was able to close the passenger door, defendant approached from behind the car and announced "a robbery." Defendant carried what appeared to be a .38 caliber handgun. Pendleton looked up as

he reached for the door handle and observed defendant directly across the top of the car. Defendant then reached into the car in an apparent attempt to grab several chains which Gibson wore around his neck. Gibson then laid back in the seat and kicked defendant. At that point, defendant shot Gibson approximately three times causing serious injuries. During this incident Pendleton remained on the other side of the car and viewed defendant directly. After the shooting ceased defendant left and Pendleton drove Gibson to the hospital.

Both Pendleton and Gibson subsequently viewed police lineups and a photo array in an attempt to identify the assailant. Pendleton recognized defendant from a lineup and a photo array while Gibson identified him in a lineup.

Defendant called three witnesses and also testified in his own behalf. Two of the witnesses, Yvette McClendon and Karen Ursery, corroborated defendant's testimony, stating he was in the home of Karen Ursery during the time of the shooting.

Defendant's first point on appeal alleges the trial court erred in denying his motion to strike venireperson Malone for cause due to Malone's beliefs that police officers would be less likely to lie on the witness stand than average citizens. Malone expressed a bias favoring the credibility of police officers as a class over that of average citizens. Therefore defendant claims his right to a full panel of qualified jurors, prior to the use of peremptory strikes, was violated.

Early in the voir dire the prosecutor asked whether anybody in the panel felt police officers always tell the truth or always lie just because they are police officers. There was no response from anyone on the panel. Some time later the following exchange took place between defense counsel and venireperson Malone:

Mr. Kinsky: Now, I know that most of us want to believe that police officers basically never lie; that they are worthy of the trust that we all place on them.

Is there anybody here who thinks that police officers are less likely to lie than say the average citizen? Is there anybody here who believes that police officers are either more or less likely to lie than say the average citizen?

Venireperson Malone: In a court of law, sir?

Mr. Kinsky: Yes, in a court of law.

Venireperson Malone: Oh I would certainly think yes.

Mr. Kinsky: You would think, you would certainly think that they are less likely to lie?

Venireperson Malone: Absolutely, perhaps not to their wife or to their children but certainly in a court of law most likely. Well, sure.

Mr. Kinsky: You are Mr. Malone, correct, for the court reporter?

Venireperson Malone: That's correct.

Mr. Kinsky: Now, the law basically says that you can't take any sort of preconceived notion along those lines with you when you hear a police officer testify, but you believe that police officers are less likely to lie under oath than say the average citizen; is that correct?

Venireperson Malone: I would think so, yes.

Mr. Kinsky: So, even if you are instructed that you can't operate under that assumption you are not going to be able to lock out an assumption like that from your mind I mean its what you believe, correct?

Venireperson Malone: Its not an assumption; its the way I feel. You asked a question; I answered it honestly, yes.

Mr. Kinsky: Okay; and, even if you are told that the law says you can't feel that way, you're still going to feel that way; is that correct?

Venireperson Malone: Can't help the way you feel. You can help the way you think but you can't help the way you feel.

Mr. Kinsky: Is the way you feel going to affect the way you think?

Venireperson Malone: Certainly.

Venireperson Malone later indicated he could follow the court's instructions regarding the principle a person is presumed innocent until proven guilty by the state.

Defendant challenged Malone for cause. The trial court denied this challenge stating it would not remove the juror because he did not say he would automatically believe a police officer was always telling the truth. Defendant then exercised one of his peremptory challenges to eliminate Malone.

The facts in the case at bar mirror those found in the Missouri Supreme Court case of *State v. Draper*, 675 S.W.2d 863 (Mo. banc 1984). In *Draper*, a venireperson indicated she would accord police testimony greater weight than that of other witnesses. Neither counsel nor the court individually questioned the venireperson further concerning the matter. The only other matter on which she was individually questioned was unrelated, concerning defendant's right not to testify on his own behalf. The court held the venireperson should have been disqualified since no further individual questioning was pursued by the trial court or counsel concerning her bias, a review of the entire voir dire never showed her to be unbiased in regard to police testimony, and the police testimony was important to contradict defendant's alibi. The court reversed and remanded the case for a new trial.

■ No clear line can be drawn illustrating when a challenge for cause should or should not be sustained and therefore each case must be judged on its particular facts. *Draper, supra* at 865. "The trial court possesses broad discretion in determining the qualifications of prospective jurors; the trial court's ruling will not be disturbed on appeal unless the ruling is against the evidence and constitutes a clear abuse of discretion." *State v. Lingar*, 726 S.W.2d 728, 733 (Mo. banc 1987), *cert. denied* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). In a criminal case a defendant is entitled to a panel of qualified jurors before he is required to make his peremptory challenges. *Draper, supra*. When a venireperson expresses partiality towards police officer testimony and this bias is contrary to the interest of the defendant the venireperson is disqualified for service as a juror. *Id.* While the trial court is accorded wide discretion in ruling on challenges for cause, it has a duty to closely evaluate and at times independently examine the qualifications of potential jurors and without this independent examination a more searching review by the appellate court is justified. *Id.*

■ Based upon review of the entire voir dire examination in the case at bar we find venireperson Malone did express a bias in favor of police testimony as opposed to other witnesses. No further individual questioning was pursued by the trial court or counsel concerning his bias in favor of police testimony. Also, the only other matter on which he was personally questioned was unrelated and concerned presumption of innocence. The trial court clearly abused its discretion in failing to strike Malone for cause.

However, reversal in these cases is required only if the defendant has been prejudiced. *Draper, supra*. "The defendant has been held not to be prejudiced where the police officer did not provide any element of the state's case, where the more important evidence came from other witnesses, and where the police officer did not testify to any truly contested issue." *Id.*

■ In the case at bar Officer Joseph McCulloch testified that after Mr. Pendleton first identified defendant, defendant then made the statement "man all I wanted was that chain. I wouldn't have shot him if he had upped it." At trial defendant claimed police taunted him when the witnesses identified him but he maintained he made no confession or statement at that time. This constituted a contested issue. Under these circumstances, following *Draper*, we find trial court's failure to disqualify venireperson Malone to be against the evidence, prejudicial, and a clear abuse of discretion requiring reversal.

We find, because of this reversal and possible retrial, a need to address two of defendant's remaining five points on appeal. Defendant asserts the trial court erred in failing to allow expert opinion testimony on the issue of reliability of eyewitness identifications. He claims this alleged error denied him his sixth amendment right to a fair trial.

The trial court sustained the state's motion in limine to exclude the testimony of a Dr. Alvin Goldstein. Dr. Goldstein was offered as a defense expert on the reliability of eyewitness identifications. During the offer of proof, Dr. Goldstein testified he had conducted research on eyewitness identifications and the many factors which affect the reliability of them. The trial court found this testimony inadmissible. The court stated the expert's testimony would "totally invade the province of the jury with regard to the weight to be given to the testimony concerning identification."

"It is within the trial court's sound discretion whether to admit expert testimony." *State v. Ward*, 745 S.W.2d 666, 671 (Mo. banc 1988). This determination will not be overturned unless it is clear that this discretion has been abused. *State v. Cooper*, 708 S.W.2d 299, 302 (Mo.App. 1986). In general, a witness qualifies as an expert if, by reason of education or special experience, he possesses superior knowledge respecting a subject about which persons who have no particular training are incapable of forming an accurate opinion or drawing correct conclusions. *State v. Jordan*, 751 S.W.2d 68, 78 (Mo.App.1988). If the subject at issue is one of everyday human experience, the opinion testimony should be rejected. *Id.*

The Missouri Supreme Court has recently held such expert testimony concerning reliability of witness identifications to invade the province of the jury and to be in the realm of everyday human experience. *See State v. Whitmill*, 780 S.W.2d 45, 47 (Mo. banc 1989); *State v. Lawhorn*, 762 S.W.2d 820, 823 (Mo. banc 1988). We find no error. Point denied.

In the final point defendant charges the trial court erred in allowing Officer McCulloch to testify regarding his experience with descriptions given by crime victims and their correlation with the assailant's actual appearance. Defendant claims this was expert testimony and therefore impermissible.

During cross-examination, defense counsel questioned Officer McCulloch as to the adequacy of the lineup presented to the victim. Counsel implied, because of differences between the descriptions given to police and the appearances of the individuals in the lineup, the lineup was tainted. On redirect, McCulloch stated in his experience he has observed witnesses give various descriptions of the same person. Therefore, a lineup usually consists of individuals with differing characteristics from that described by the victim. We find this does not constitute opinion testimony but rather is merely an observation of fact by the witness through his experience as a police officer. This is not improper expert testimony. We find no abuse of discretion. Point denied.

The other claims of error need not be addressed. We would not expect them to arise upon retrial.

The judgment of the trial court is reversed and remanded for a new trial.

CRANDALL and KAROHL, JJ., concur.